UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH OCHOA,<br><br>    Plaintiff,<br><br>v.<br><br>KEN CLARK, et al.,<br><br>    Defendants. | Case No. 21-cv-04008-SK<br><br>**ORDER TO SHOW CAUSE**<br><br>Regarding Docket No. 1 |

Petitioner, a state prisoner currently incarcerated at California State Prison – Corcoran, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from Alameda County Superior Court.

## BACKGROUND

Petitioner was convicted by a jury of lewd act with a child under age 14 (California Penal Code § 288(a), intercourse with a child under age 10 (California Penal Code § 288.7(a), sex offense with a child under 10 (California Penal Code § 288.7(b), continuous sex abuse with a child under age 14 (California Penal Code § 288.5), and lewd act with a minor over age 14 (California Penal Code § 288(e)(1). He was sentenced to 96 years and eight months on October 27, 2017.

Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which on May 27, 2020, denied review of a petition allegedly raising the claims raised here.

## DISCUSSION

**A.  Standard of Review.**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id*. § 2243.

**B.      Claims.**

Petitioner seeks federal habeas corpus relief by raising claims for ineffective assistance of counsel, denial of due process, violation of the eighth amendment's prohibition against cruel and unusual punishment.  Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent.  *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.      The clerk shall serve a copy of this order and the petition and all attachments thereto upon the California Attorney General's Office, 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102.

2.      Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3.      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4.      Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and

///

///

respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

**IT IS SO ORDERED**.

Dated: June 11, 2021

_____
SALLIE KIM
United States Magistrate Judge